U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JUL 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| KENNETH R. PHILLIPS | DOCKET NO. 08-CV-0279; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| RIVERS CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Kenneth R. Phillips, an inmate in the custody of Louisiana's Department of Public Safety and Corrections, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 21, 2008.[1] Plaintiff is currently incarcerated at the David Wade Correctional Center, Homer, Louisiana. However, he complains that he was the victim of excessive force while he was incarcerated at the Rivers Correctional Center in Ferriday, Louisiana. Plaintiff names as defendants Lieutenant Gregory Blair, Sergeant Gary Simpson, Chief Eddie White, Sergeant Johnny Moraler, and Captain Kenneth W. Byrnes.[2] He seeks an unspecified amount of damages. Plaintiff originally asked to litigate his claims *in forma pauperis* [Doc. 1]. However, on April 1, 2008, Plaintiff paid the full filing fee.

---

[1] Plaintiff filed his complaint in the United States District Court for the Middle District of Louisiana. It was transferred to this court in accordance with the provisions of 28 U.S.C. §1391.

[2] In his original complaint, plaintiff named the River Correctional Center and Pat Smith as defendants. [Doc. #1] However, in his amended complaint [rec. doc. 3], he omitted the facility and, on April 1, 2008 he moved to dismiss defendant Pat Smith. [Doc. #4]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. §636 and the standing orders of the Court.

## Statement of the Case

On March 1, 2007, Plaintiff was involved in an incident that occurred in the Alpha Dorm at Rivers Correctional Center ("RCC"), and he was removed from the dorm. According to Plaintiff, Sergeant Moraler asked Chief White whether he should get a Taser,[3] and Chief White advised him to do so. Plaintiff was escorted to Lock-Down Cell #2 at RCC by Lt. Blair and Sergeant Gary Simpson.

Chief White was inside the cell when Plaintiff arrived, and he was armed with a Taser. Plaintiff was directed to face the wall while Lt. Blair removed the handcuffs restraining Plaintiff's arms. Once the handcuffs were removed, Blair exited the cell, closed the door, and waited outside the door with Sergeant Simpson.

Chief White instructed Plaintiff to turn around and, when he did, the Taser was discharged into Plaintiff's stomach area. As Plaintiff was falling to the floor, another Taser was discharged into Plaintiff's chest. Chief White and Captain Byrnes then kicked Plaintiff in the stomach and back and struck Plaintiff with fists.

According to Plaintiff, Sergeant Moraler, Lieutenant Blair,

---

[3] Taser – A weapon which fires barbs attached by wires to batteries, and causes temporary paralysis. Developed by Taser Systems Inc., Los Angeles, California. The name was derived from the initial letters of *Tom Swift's* electric rifle (a fictitious weapon). See Oxford English Dictionary, On line version.

2

and Sergeant Simpson stood watch outside the cell while White and Captain Byrnes assaulted him. When Byrnes and White exited the cell they directed Sergeant Simpson to remove the Taser probes from Plaintiff's body.

Plaintiff claims that the defendants falsified the Disciplinary Rules Violation Report regarding the incident. Plaintiff was charged with Aggravated Disobedience, and on March 12, 2007, a disciplinary hearing was convened. Plaintiff was found guilty of the charge and sentenced to forfeit 180 days of good-time credits. He appealed the disciplinary conviction to the Secretary of the LDOC. On July 27, 2007, the Secretary found that the evidence at the hearing was sufficient, and Plaintiff's appeal was denied. Plaintiff appealed these decisions to the Nineteenth Judicial District Court; his appeal was untimely, and it was denied.

**Law and Analysis**

1. Screening

Notwithstanding the fact that Plaintiff paid the full filing fee, his complaint is subject to the screening provisions of 28 U.S.C. §1915A, which applies regardless of whether the plaintiff has paid a filing fee or is proceeding in forma pauperis. Martin v. Scott, 156 F.3d 578, 579-580 (5th Cir. 1998).

2. Heck/Balisok Considerations

Based on documents related to his administrative appeal, the

gist of Plaintiff's complaint is that the disciplinary reports were falsified; therefore, the force used upon Plaintiff was excessive and unwarranted. Plaintiff makes reference to "an incident" preceding the infliction of force, but he does not elaborate in his complaint. However, according to the disciplinary reports submitted to the Court by Plaintiff, he was involved in an altercation with Chief White whereby Plaintiff struck Chief White with his fist. The report also states that, once Plaintiff was uncuffed, he started toward Byrnes. Byrnes ordered Plaintiff to stop and back up, but he refused all orders given to him. Only then was a Taser deployed.

Plaintiff claims that excessive force was applied against him, violating the prohibition of cruel and unusual punishment. To establish a claim of excessive force, Plaintiff must establish that prison officials acted maliciously and sadistically, and not in a good-faith effort to maintain or restore discipline. See Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir.1998) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). Plaintiff claims that a second Taser shot was administered without warrant or any provocation. [Doc. #8, p.5]. He also alleges that the disciplinary reports, which lead to his disciplinary conviction, were fabricated.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that, if a favorable judgment in a claim filed under §1983 would necessarily imply the invalidity of the prisoner's

4

conviction, the claim is barred until that conviction has been reversed on direct appeal, expunged by executive order or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of habeas corpus. Heck, 512 U.S. at 486-87. A "conviction" for purposes of Heck includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits. Edwards v. Balisok, 520 U.S. 641, 643-48 (1997).

In this case, Plaintiff's excessive-force claim would, if true, necessarily implicate the validity of his disciplinary conviction of Aggravated Disobedience for striking Chief White and refusing orders to stop and back up. Thus, Plaintiff challenges the facts essential to his conviction. Plaintiff's conviction has not been overturned, and his civil rights claim against the defendants is barred by Heck. See Edwards, 520 U.S. at 647-48; see also Hudson v. Hughes, 98 F.3d 868, 872-73 (5th Cir. 1996) (holding that allegations of excessive force and false arrest are not cognizable under the doctrine in Heck if a successful civil rights claim would call into question the validity of the plaintiff's conviction); see also Sappington v. Bartee, 195 F.3d 234 (5th Cir.1999) (holding that Heck bars a civil rights claim for excessive force and false arrest where the plaintiff has been convicted of assaulting an officer); Donnelly v. Darby, 81 Fed. App'x 823, 2003 WL 22794388 (5th Cir. 2003) (unpublished per

curiam) (rejecting excessive force claims from a state prisoner who received a disciplinary conviction arising from the same incident); Powell v. Maddox, 81 Fed. App'x 476, 2003 WL 22734607 (5th Cir. 2003)(unpublished per curiam)(same).

## Conclusion

For the foregoing reasons, Plaintiff's claims are frivolous and fail to state a claim for which relief can be granted. Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE